UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------- X

CARLOS BERNAL,                                    **COMPLAINT**

                              Plaintiff,          **JURY TRIAL DEMANDED**

              -against-                           CIVIL ACTION NO.

BOROUGH OF BOGOTA; BOGOTA POLICE
DEPARTMENT; P.O. LEWIS DUENAS; SERGEANT
GEOFFREY COLE; and SUPERVISOR P.O.
JOHN/JANE DOE # 1; the individual
defendant(s) sued individually and in
their official capacities,

                              Defendants.
----------------------------------------- X
¶

### COMPLAINT

Plaintiff, CARLOS BERNAL, ("Plaintiff"), by and through his attorneys IGBOKWE PLLC, hereby files this complaint against BOROUGH OF BOGOTA; BOGOTA POLICE DEPARTMENT; P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; SUPERVISOR P.O. JOHN/JANE DOES #1-5; individually in their position as police officers employed by Bogota Police Department, (hereinafter, collectively "Defendants"), and respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for deprivation, committed by Defendants while acting in concert and under color of state law, of Plaintiff's civil rights, liberties, and immunities as guaranteed to him by reason of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§ 1983 and 1988 and his pendant State Law claims.

### JURISDICTION

2. Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

<u>**VENUE**</u>

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) because all of the events and omissions giving rise to Plaintiff's claims occurred within Bergen County in the District of New Jersey; the actual place of employment of all of the individual Defendants is in Bergen County, the District of New Jersey, and Bergen County is within the jurisdiction of the District of New Jersey.

4. Within 90 days of the conclusion of the incidents alleged in this complaint, Plaintiff served upon Defendant City of New York a Notice of Claim setting forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where and the manner in which the claim arose, and the items of damages or injuries claimed.

5. This action is being commenced within two years of the date of the occurrences herein.

<u>**PARTIES**</u>

6. Plaintiff CARLOS BERNAL is a Latin American male and resident of Bergen County, New Jersey.

7. Defendant BOROUGH OF BOGOTA is a municipal corporation of the State of New Jersey located in Bergen County, New Jersey, duly existing by reason of and pursuant to the laws of the State of New Jersey, with offices at 375 Larch Avenue, Bogota, NJ 07603. Upon information and

belief, BOROUGH OF BOGOTA is responsible for overseeing the defendant BOGOTA POLICE DEPARTMENT.

8. Defendant BOGOTA POLICE DEPARTMENT is a subdivision and/or agency of Defendant BOROUGH OF BOGOTA and has an office at 375 Larch Ave # 1, Bogota, NJ 07603.

9. Defendant P.O. LEWIS DUENAS ("PO Duenas") is a police officer who is being sued in his official and individual capacity and is an employee of Defendant Bogota Police Department. At all relevant times described herein, PO Duenas was acting under color of state law within the scope of his employment as a police officer employed by Defendant Bogota Police Department.

10.     Defendant SERGEANT GEOFFREY COLE ("Sgt. Cole") is a police sergeant and supervising police officer who is being sued in his official and individual capacities and is an employee of Defendant Bogota Police Department.

11.     Defendant SUPERVISOR DOE OFFICER #1 ("Supervisor Doe Officer # 1") is a supervising police officer being sued in their official and individual capacities and is employed by Defendant Bogota Police Department. At all relevant times described herein, Supervisor Doe Officer # 1 was acting under the color of state law within the scope of his/her employment as a police officer employed by Defendant Bogota Police Department.

**STATEMENT OF RELEVANT FACTS**

12.     On or about September 11, 2020, at approximately 9:12 a.m., Plaintiff was in front of 289 Leonia Avenue, Bogota, NJ 07603, or in its immediate vicinity, when he was intentionally and negligently placed under illegal/false arrest by police officers from the Bogota Police Department, including Sgt. Cole and PO Duenas.

13.     On the above-mentioned date and time, Plaintiff was at the above location which is Plaintiff's store front fitness facility with two clients, and his ten-year-old son.

14.     At this time a neighbor of the Plaintiff confronted Plaintiff about carrying on activities in front of Plaintiff's store front. The parties engaged in a brief verbal dispute which led to 911 being called.

15.     Defendants PO Duenas and Sgt. Cole (collectively, "Police Officer Defendants") arrived at the location moments later.

16.     The Police Officer Defendants spoke with Plaintiff's neighbor, who told the defendants about the disagreement.

17.     However Plaintiff's neighbor did not allege Plaintiff had committed or was about to commit any crime or criminal violation.

18.     Defendant PO Duenas then approached Plaintiff and asked Plaintiff for his side of the story regarding the disagreement with his neighbor.

19.     Plaintiff told defendant PO Duenas what occurred but never made a formal complaint against his neighbor and did not allege that the neighbor committed any crime or that he was attempting to commit a crime.

20.     Plaintiff believed the dispute was resolved. Plaintiff's neighbor left the location and Plaintiff attempted to reengage with his

clients who were performing outdoor workouts in front of Plaintiff's store front.

21.     PO Duenas then told Plaintiff to remove his equipment from part of the sidewalk. Plaintiff complied with this request.

22.     Defendant PO Duenas then requested for Plaintiff to provide his identification ("ID") to PO Duenas. Plaintiff informed PO Duenas that he did not have his ID on him. He informed PO Duenas that he is the owner of the store front fitness gym that they were standing in front of. Plaintiff also gave Defendant PO Duenas his name.

23.     PO Duenas then asked Plaintiff for his home address. Plaintiff refused to give PO Duenas his home address.

24.     PO Duenas became upset at Plaintiff's refusal to provide his identification or home address. PO Duenas then restrained Plaintiff, placed Plaintiff in handcuffs, and arrested Plaintiff.

25.     Plaintiff asked PO Duenas whether he was arresting Plaintiff because he would not provide identification. At this questioned PO Duenas answered yes.

26.     PO Duenas arrested Plaintiff without a warrant and without probable cause to believe that Plaintiff had committed or was about to commit any crime or criminal violation. The sole basis of the arrest was in retaliation for Plaintiff not providing PO Duenas with his home address/identification.

27.     Despite Plaintiff's lack of involvement in any criminal activity, defendants PO Duenas and Sgt. Cole still conspired to fabricate information and paperwork of Plaintiff's involvement in criminal activity to support their bogus arrest of Plaintiff.

28.      After PO Duenas arrested and handcuffed Plaintiff, he placed Plaintiff in the back of his patrol vehicle.

29.      PO Duenas then conspired with Sgt. Cole as to what arrestable charge PO Duenas could bring against Plaintiff because defendants knew that at the time of Plaintiff's arrest, PO Duenas lacked probable cause or any reasonable suspicion that Plaintiff had committed a crime, or was about to commit a crime.

30.      Defendant PO Duenas called into dispatch to speak to an unknown supervisor police officer as to what if anything Plaintiff could be charged with, because at the time of the arrest defendant PO Duenas had no reason or basis to arrest Plaintiff. Upon information and belief Supervisor P.O. John/Jane Doe # 1 provided defendant PO Duenas with charging advice.

31.      Upon information and belief Supervisor P.O. John/Jane Doe # 1 provided PO Duenas with charging assistance against Plaintiff, even though the set of facts provided to Supervisor P.O. John/Jane Doe #1 did not substantiate or support the charge of any crime.

32.      Plaintiff was then removed from the location by the Police Officer Defendants, and taken to the Bogota Police Department precinct where he was imprisoned for a time and processed. When Plaintiff asked what he was being charged with the Police Officer Defendants did not provide him with an answer because they did not know what to charge him with except that he was arrested for not providing his home address/identification/driver's license to them.

33.      The Police Officer Defendants did not provide Plaintiff with an opportunity to call his wife or any other family member to pick up

his ten-year-old son but left Plaintiff's endangered at the location alone.

34.     The Police Officer Defendants also did not make an attempt to provide for the safety of the Plaintiff's ten-year-old son, because their sole purpose was to retaliate and punish Mr. Bernal for his refusal to provide the Police Officer Defendants with his home address/identification.

35.     Plaintiff was eventually released from police custody, and was not provided with any details, or charging documents providing him with information about why he was arrested.

36.     During this time, in order to cover up their illegal actions, the Police Officer Defendants conspired to fabricate information and paperwork of Mr. Bernal's involvement with criminal activity.

37.     To advance this conspiracy against Plaintiff, the Police Officer Defendants conspired to falsely complete official documentation supporting their fabrication that they observed Mr. Bernal committing crimes.

38.     Four days after the date of his arrest, on September 15, 2020, PO Duenas drafted a false and fabricated police report, alleging actions committed by Plaintiff that never occurred. PO Duenas filed this police report and swore to its veracity (See Exhibit A, Police Report) despite knowing it was false. PO Duenas charged Plaintiff with the crime of Disorderly Conduct, N.J.S.A. 2C:33-2.

39.     In the Police Report PO Duenas falsely alleged that Plaintiff Bernal was "yelling", "screaming", and "being disorderly making a scene" and that "People started looking out the window, coming out businesses

because Mr. Bernal was yelling". See Police Report. This was completely false.

40.     Defendant Sgt. Cole, who was acting in a supervisory capacity of PO Duenas, was aware of PO Duenas' misconduct in falsely arresting Plaintiff, falsifying documents, and fabricating Plaintiff's involvement in the charged crime, but failed to take steps to intervene to prevent this violation of Plaintiff's rights, despite having the opportunity to do so.

41.     If Supervisor P.O. John/Jane Doe #1 did not directly participate in framing Mr. Bernal for a crime he did not commit, Supervisor P.O. John/Jane Doe #1 was aware that PO Duenas and Sgt. Cole, were engaged in a pattern of falsely arresting and charging and Plaintiff, fabricating evidence, and falsifying official documents to support this false arrest, and upon information and belief even provided PO Duenas with assistance on what to charge Plaintiff with and what facts to include in the police report.

42.     When the Police Report was complete, Sgt. Cole signed the Police Report, validating the falsehoods that PO Duenas attested to in the report, and approving the charge and the arrest of Plaintiff for the criminal charge of disorderly conduct.

43.     In furtherance of their illegal actions, the Police Officer Defendants, pursuant to a conspiracy, falsely and maliciously told the County District Attorney's Office that Mr. Bernal had committed crimes, and forwarded the fabricated and falsely created Police Report to the County District Attorney's Office, which falsely linked the Plaintiff to having committed the crime of disorderly conduct.

44.     The County Prosecutors Office then initiated a criminal prosecution of Mr. Bernal based on the Police Officer Defendants' false and fabricated Police Report.

45.     Plaintiff was the subject of this prosecution effort for approximately one year and a half. This malicious effort to frame Mr. Bernal caused him great mental and emotional distress. He continued to fight for his freedom and good name, motivated by the fact that he was innocent, and to prove to his ten-year-old son, who was traumatized witnessing the wrongdoing to his father, to always fight for what is right.

46.     During this period of time while Plaintiff was maliciously prosecuted, he made efforts through his attorneys to inform the County Prosecutor that the case against him was bogus.

47.     Plaintiff had witnesses who observed the entire incident and who were willing to testify on his behalf. One witness was a local neighbor ("Witness One") who does not know the Plaintiff and who witnessed the entirety of the Police Officer Defendants' interactions with Plaintiff.

48.     Witness One was very moved and upset that the Plaintiff, who they characterized as a "local hardworking small business owner", was arrested even though he had not committed a crime. Witness One also provided an affidavit sworn to under the risk and penalty of perjury attesting to Plaintiff's innocence, and the events she witnessed.

49.     Witness One's affidavit was provided to the County Prosecutor who ignored the affidavit and continued with her prosecution of the Plaintiff.

50.     Plaintiff also provided video recordings of the entire incident which was recorded by surveillance video from a local business. While this video did not have audio, it showed that defendant PO Duenas fabricated out of whole cloth that people came out their houses and businesses as a result of Mr. Bernal screaming and yelling.

51.     In fact the video showed not one person respond or approach the location of the incident during or after the occurrence of the incident. This is a material factor in establishing the crime of disorderly conduct under the New Jersey criminal code.

52.     Furthermore, the County Attorney had access to and upon information and belief reviewed the Police Officer Defendants body-worn camera video, which also contradicts PO Duenas allegations that Plaintiff was screaming or yelling or being physically aggressive. In fact the video does not show Mr. Duenas doing anything but complying with PO Duenas' demands, other than his demand for Plaintiff's home address.

53.     Within 90 days of being arrested, Plaintiff submitted a notice of claim against the individual defendants naming them in the complaint as having violated Plaintiff's constitutional rights.

54.     After Plaintiff filed his notice of claim, PO Duenas undertook a purposeful campaign to harass Plaintiff and discourage him from fighting the criminal case.

55.     PO Duenas engaged in retaliation against Plaintiff for filing the notice of claim against defendant PO Duenas.

56.     On March 26, 2021 at approximately 9:00 am, Plaintiff lawfully parked his vehicle at or around Leonia Ave & E. Fort Lee, Bogota, NJ 07603. As Plaintiff was exiting his vehicle, PO Duenas observed that it

was Plaintiff that was exiting the vehicle, drove up beside the Plaintiff, and began to berate and admonish Plaintiff about parking his vehicle at a location which was conspicuously marked as available parking for the general public.

57.     Defendant PO Duenas knew that the vehicle was the Plaintiff's vehicle and observed Plaintiff's face and likeness before harassing Plaintiff. Defendant PO Duenas unlawfully and intentionally harassed Plaintiff in retaliation for filing a complaint against defendant PO Duenas, and to intimidate Plaintiff from defending himself in his criminal case.

58.     Defendant PO Duenas' harassment of Plaintiff continued.

59.     In preparation for the criminal trial, Plaintiff's attorney submitted a witness list to the Defendants. This witness list included Witness One, and Plaintiff's client who observed the entire incident between Plaintiff and the Police Officer Defendants on September 11, 2020 ("Witness Two"). Witness Two was another key defense witness for Plaintiff.

60.     On or about June 9, 2021, Plaintiff submitted a second notice of claim for the above referenced parking harassment incident, naming defendant PO Duenas for violating his constitutional rights.

61.     On June 10, 2021, at approximately 4:00 a.m., one day after filing a 2nd Notice of Claim against defendant PO Duenas, defendant PO Duenas went to Witness Two's home address, in Bogota, NJ. Defendant PO Duenas had full knowledge that Witness Two was a key defense witness in the criminal case against Plaintiff where defendant PO Duenas is the leading prosecuting officer on behalf of defendant Borough of Bogota.

62.     On the above date and time, Defendant PO Duenas proceeded to tow Witness Two's vehicle which was lawfully parked in front of Witness Two's home. Defendant PO Duenas committed this crime in an abuse of power against the Plaintiff in an attempt to harass, intimidate, bully, and to suppress/tamper with evidence on a case in which he is the lead prosecuting officer.

63.     Defendant PO Duenas' actions were meant to inflict fear on the Plaintiff's witnesses in the hope that they would not appear in court to testify in favor of Plaintiff in the criminal case against him.

64.     This criminal harassment perpetrated against Plaintiff and Plaintiff's witnesses was done under the false pretext of administering the officer's authority over street parking rules, when in fact Plaintiff and Plaintiff's witnesses had their cars lawfully parked.

65.     Plaintiff filed a third notice of claim against Defendants as a result of the aforementioned incident.

66.     As a result of these incidents, Plaintiff and Plaintiff's witnesses feared for their safety, and feared further retribution from the Defendants.

67.     As a result of defendant PO Duenas' actions, one or more of Plaintiff's witnesses did not themselves available to testify at Plaintiff's criminal trial.

68.     The County Prosecutor and the municipal defendants were made aware of all the Police Officer Defendants actions and lies, yet failed to take corrective measures against defendant PO Duenas, and moved the case forward, knowing defendant PO Duenas would submit to perjury if he

testified to what was written in his police report at the coming criminal trial.

69.     On April 21, 2022, the day before trial, the County Prosecutor reached out to Plaintiff's attorney and made a desperate attempt to rid the defendants of the civil liability that was looming over them as a result for the Police Officer Defendants intentional and malicious actions against Plaintiff. They offered to dismiss all the charges against Plaintiff if Plaintiff agreed that he would not pursue a civil action against the Defendants for the Police Officer Defendants' wrongdoing.

70.     After two years of being run through the criminal justice system, of seeing no one held accountable, and the County Prosecutor's repeated willingness to ignore the evidence before her, Plaintiff believed that this offer was disingenuous and decided to risk trial as he committed himself to do early on, in defense of his good name, and in commitment to his young son who witnessed the horrific events that Plaintiff suffered at the hands of the Defendants. As a result, Plaintiff Bernal vehemently declined the offer.

71.     On April 22, 2022, the criminal trial of the People v. Carlos Bernal began. The County Prosecutor put defendant PO Duenas on the stand. Defendant PO Duenas offered perjurious testimony for the people. The County Prosecutor knowingly elicited testimony from defendant PO Duenas which was completely different than what PO Duenas alleged occurred in the Police Report.

72.     Plaintiff also testified in his own defense. Plaintiff's case was without the testimony of one or more witnesses due to defendant PO Duenas unlawful harassment.

73.     On May 13, 2022, the Judge presiding over the case found the Peoples case against Plaintiff Bernal less than compelling, and the testimony of PO Duenas as incredible, rendering a verdict of not guilty, in favor of Plaintiff Bernal.

## GENERAL ALLEGATIONS

74.     Despite having knowledge of all of the Police Officer Defendants' wrongdoings, no corrective actions were taken to remedy defendant PO Duenas' lack of understanding for proper procedure, and his intentional willingness to violate law.

75.     The aforesaid violations of Plaintiff's rights are not an isolated incident. Defendant Borough of Bogota is aware from lawsuits, notices of claim, and complaints that many members of Defendant Bogota Police Department, including the Police Officer Defendants, are insufficiently trained on the proper way to investigate, charge, and prosecute crimes.

76.     Defendant Borough of Bogota is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the Defendant Borough of Bogota has failed to take corrective action. This failure caused the defendants to violate Plaintiff's rights and injure Plaintiff.

77.     Moreover, defendant Borough of Bogota was aware prior to the incident that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as

police officers. Despite such notice, defendants retained these individuals, and failed to adequately train and supervise them.

78.     Specifically, Defendant PO Duenas was known to the municipal Defendants to lack the objectivity, temperament, maturity, discretion, and disposition to be employed as a police officer, and he was untrained and susceptible to violating the rights of individuals like Plaintiff Bernal.

79.     Prior to Defendant PO Duenas becoming employed by the Borough of Bogota, defendant PO Duenas was a police officer for New Jersey State Park Police. On October 10, 2019, defendant PO Duenas was named as a defendant in a Section 1983 action (*Brasher v. New Jersey State Park Police et. al.*, Case no. 2:20-cv-01351-KM-ESK) alleging, *inter alia,* false arrest, false imprisonment, excessive force, assault and battery, intentional infliction of emotional distress, negligent hiring, training, and supervision, and malicious prosecution.

80.     Upon information and belief Defendant PO Duenas was fired by New Jersey State Park Police as a result of the above referenced lawsuit.

81.     Despite the pendency of the above referenced case, upon information and belief defendant Borough of Bogota hired Defendant PO Duenas in or around the first quarter of 2020. Defendant Borough of Bogota ignored the pending case against defendant PO Duenas, and neglected to address the issues surrounding Defendant PO Duenas' deficiencies in training which would have kept him from violating Plaintiff's constitutional rights on September 11, 2020, and which would have stopped him from continuing to violate Plaintiff's rights again and again after the initial false arrest of Plaintiff.

82.     At all times, defendant Borough of Bogota by the defendant Bogota Police Department, and its agents, servants and/or employees, carelessly and recklessly trained the individual defendants in their position as police officers.

83.     At all times, defendant Borough of Bogota by the defendant Bogota Police Department, and its agents, servants and/or employees, carelessly and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

84.     At all times defendant Borough of Bogota by the defendant Bogota Police Department, and its agents, servants and/or employees, caused, permitted, and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

85.     At all times defendant Borough of Bogota by the defendant Bogota Police Department, and its agents, servants and/or employees, carelessly and recklessly retained in its employ the individual officers, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

86.     The occurrence(s) and injuries sustained by Plaintiff were caused solely by, and as a result of, the malicious, reckless, and/or intentional conduct of Defendants, including the Borough of Bogota, by the defendant Bogota Police Department, and its agents, servants and/or employees, as set forth above, without provocation on the part of Plaintiff contributing thereto, specifically, the reckless manner in

which said defendant hired, trained, supervised, controlled, managed, maintained, inspected and retained the individual officers.

87.    The individual defendants acted in concert committing the above-described illegal acts toward Plaintiff.

88.    The Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

89.    At no time prior to, during, or after the above incidents were the individual defendants provided with information, nor were they in receipt of a credible or objectively reasonable complaint from a third person, that Plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

90.    The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights.

91.    As a direct and proximate result of defendants' actions, Plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

92.     The individual defendants, at times acted in concert, and at times acted independently in committing the aforementioned illegal acts against Plaintiff.

93.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to Plaintiff's rights.

**CAUSES OF ACTION:**

**FIRST COUNT**

**(FALSE ARREST UNDER FEDERAL LAW)**

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

94.     Plaintiff hereby repeats and re-alleges the previous allegations of this pleading as if they were set forth fully herein.

95.     The individual defendant police officers, and the individual defendant prosecutors, acting under the color of law, conspired together to fabricate evidence against Plaintiff causing Plaintiff to be charged by Defendants for crimes Plaintiff did not commit.

96.     By their actions, conduct and/or omissions, and in a conspiracy, the individual police officers, acting under color of law, deprived Plaintiff of his constitutional rights, causing Plaintiff to be falsely arrested without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that Plaintiff had committed a crime.

97.     Accordingly, Defendants are liable to Plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND COUNT

### (FALSE ARREST UNDER STATE LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND
SUPERVISOR P.O. JOHN/JANE DOE # 1

98.     Plaintiff hereby repeats and re-alleges the previous allegations of this pleading as if they were set forth fully herein.

99.     The individual defendant police officers, and the individual defendant prosecutors, acting under the color of law, conspired together to fabricate evidence against Plaintiff, causing Plaintiff to be charged by Defendants for crimes Plaintiff did not commit.

100.    By their actions, conduct and/or omissions, and in a conspiracy, the individual police officers, acting under color of law, deprived Plaintiff of his constitutional rights causing Plaintiff to be falsely arrested without consent, an arrest warrant, a lawful search warrant, probable cause, or reasonable suspicion that Plaintiff had committed a crime.

101.    Accordingly, Defendants are liable to Plaintiff for false arrest under New Jersey State law.

## THIRD COUNT

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND
SUPERVISOR P.O. JOHN/JANE DOE # 1

102.    Plaintiff hereby repeats and re-alleges the previous allegations of this pleading as if they were set forth fully herein.

103.    Defendants unlawfully stopped and searched Plaintiff without cause, a warrant, or consent.

104.    Accordingly, defendants are liable to Plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## FOURTH COUNT

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

105. Plaintiff  hereby  repeats  and  re-alleges  the  previous allegations of this pleading as if they were set forth fully herein.

106.    Defendants unlawfully stopped and searched Plaintiff without cause, a warrant, or consent.

107.    Accordingly, defendants are liable to Plaintiff for unlawful search and seizure under New Jersey State law.

## FIFTH COUNT

### (FALSE IMPRISONMENT UNDER FEDRAL LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

109.    The accusations and charges made against Plaintiff by Defendants were false.

110.    The false arrest of Plaintiff resulted in false imprisonment, as  Plaintiff  was  detained,  in  custody,  and  incarcerated  for  a considerable period of time by Defendants.

111.    Such false imprisonment was illegal and in violation of Plaintiff's rights as secured under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983. Such actions were negligent, reckless, unreasonable, and unauthorized as Defendants had a duty to not falsely imprison Plaintiff.

## SIXTH COUNT

### (FALSE IMPRISONMENT UNDER STATE LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

112.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

113.    The accusations and charges made against Plaintiff by the Defendants were false and led to him being falsely arrested.

114.    The false arrest of Plaintiff resulted in false imprisonment, as Plaintiff was detained, in custody, and incarcerated for a considerable period of time by Defendants.

115.    Such false imprisonment was illegal and in violation of Plaintiff's rights as secured under New Jersey State law. Such actions were negligent, reckless, unreasonable, and unauthorized as Defendants had a duty to not falsely imprison Plaintiff.

## SEVENTH COUNT

### (FAILURE TO SUPERVISE UNDER FEDERAL LAW)

AGAINST DEFENDANTS BOROUGH OF BOGOTA; BOGOTA POLICE DEPARTMENT; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

116.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

117.    At all times relevant herein, Defendants were responsible for supervising, overseeing, and controlling the individually named defendants.

118.    Upon information and belief, Defendants Borough of Bogota intentionally failed to adequately supervise, control, oversee, and/or monitor the Bogota Police Department and the individual defendants.

119.    Defendants Supervisor Doe Officer # 1 knowingly assisted Defendant PO Duenas in creating the Police Report with false information which led to the false criminal charge and arrest of Plaintiff.

120.    Sgt. Cole, who witnessed the entire incident which is the subject of this lawsuit, permitted the arrest of Plaintiff to go forward, despite knowledge that there was no probable cause at the time of Plaintiff's arrest, and signed the false Police Report as a supervising officer despite his knowledge that the facts alleged therein were false.

121.    Defendants knew or should have known, had they diligently exercised their duties to instruct, train, supervise, control, and discipline the individual defendants, that Plaintiff was innocent of the charges, yet they allowed the prosecution of Plaintiff in order to cover up the unconstitutional actions of Bogota Police Department and the individual defendants.

122.    Nevertheless, defendant Borough of Bogota exercised deliberate indifference by failing to take remedial action. The

Defendants failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, Defendants Borough of Bogota failed to adequately investigate prior complaints filed against the individual defendants.

123.    Further, defendants Borough of Bogota was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest, and prosecute innocent individuals, based on pretexts and false evidence.

124.    As set forth above, Defendants Borough of Bogota and Bogota Police Department were well aware of defendant PO Duenas' propensity for police misconduct prior to his employment at Bogota Police Department and prior to this incident.

125.    Consequently, it was the policy, practice, and custom of Defendants to allow the individual defendants to unlawfully search, seize, and arrest individuals without facts of criminality, probable cause, an arrest warrant, or other legal justification.

126.    It was the policy, practice, and custom of defendant Borough of Bogota to allow the individual defendants to prosecute innocent individuals, based on pretexts and false evidence, and to coerce individuals charged with crimes, for which they knew were innocent, to accept charges in order to cover up the unconstitutional acts of other law enforcement members. This was done to insulate the individual defendants and officers from liability in civil actions.

127.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal

expenses, and other special damages, and has suffered great mental anguish.

### EIGHTH COUNT

#### (FAILURE TO INTERVENE)

SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

128.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

129.    Plaintiff was falsely arrested, falsely imprisoned, and maliciously prosecuted. Plaintiff had process abused against him and had his substantive and procedural due process rights violated, for absolutely no reason.

130.    The defendants Sgt. Cole and Supervisor P.O. John/Jane Doe # 1 had every opportunity to intervene to prevent the said wrongful acts against Plaintiffs, yet each of them failed to intervene to prevent defendant PO Duenas' wrongful acts against Plaintiff. Each of the defendants knew or had reason to know that defendant PO Duenas' acts were wrongful and illegal, and yet each of said defendants failed to intervene.

131.    Defendants Sgt. Cole and Supervisor P.O. John/Jane Doe # 1 each had a duty to intervene to prevent defendant PO Duenas' wrongful acts, and were in a position with opportunity to intervene, yet failed to do so.

132.    As a consequence of Defendants Sgt. Cole and Supervisor P.O. John/Jane Doe # 1's failure to intervene in violation of Plaintiff's

rights pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, Plaintiff suffered physical injuries, pain and suffering, mental anguish, shock, fear, depression, anxiety, Post-Traumatic Stress Disorder, psychological injuries, psychological distress, and emotional distress (both intentional and negligent), and was otherwise injured herein, requiring Plaintiff to undergo medical care/treatment therefore and further causing Plaintiff to incur, and to continue to incur damages and expenses which Plaintiff claims herein.

## NINTH COUNT

### (SUBSTANTIVE DUE PROCESS UNDER FEDERAL LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

133.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

134.   As a result of the facts alleged herein, Plaintiff was denied his substantive rights under the United States Constitution.

135.   The individual defendants engaged in behavior shocking to the conscience, including, but not limited to, arresting, charging, and maliciously prosecuting Plaintiff without probable cause, and the charges and malicious prosecution of Plaintiff were predicated only on individual defendants power and authority as a government official/officer, and this power was used to retaliate, intimidate, and to oppress Plaintiff.

136.   Such actions by the individual defendants were unjustified and improper and constitute violations of Plaintiffs' substantive due

process rights pursuant to 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution.

137.    Each of the individually named defendants involved in such illegal actions knew or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

138.    Defendants abused process by continuously depriving Plaintiff of his substantive rights under the United States Constitution, as they had knowledge that their actions were unlawful and that Plaintiff was innocent of the charge against him.

139.    As a proximate result of defendants' actions, Plaintiff was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages.

## TENTH COUNT

### (PROCEDURAL DUE PROCESS UNDER FEDERAL LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

140.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

141.    The defendants PO Duenas and Sgt. Cole caused the arrest and prosecution of Plaintiff without an arrest warrant and without probable cause, and under additional circumstances where even if there had been

probable cause, a warrantless arrest and continued prosecution of Plaintiff would have been improper.

142.   Such actions by defendants PO Duenas and Sgt. Cole were unjustified and improper, and constitute violations of Plaintiff's procedural due process rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution, as well as Article I, Sections 1 and 7 of the Constitution of the State of New Jersey, and the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

143.   Defendants Sgt. Cole and Supervisor P.O. John/Jane Doe # 1 each knew or had reason to know that such violations were occurring, and had a realistic opportunity to intervene to prevent such violations from occurring.

144.   As a proximate result of the individual defendants' actions, Plaintiff was denied his procedural rights under the United States Constitution, and was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages in an amount to be determined at trial, including punitive damages and attorney's fees.

## ELEVENTH COUNT

### (ABUSE OF PROCESS UNDER FEDERAL LAW)

AGAINST DEFENDANT P.O. LEWIS DUENAS

145.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

146.   The accusations and charges against Plaintiff were false.

147.     The false arrest, wrongful imprisonment, subsequent charge brought against Plaintiff, and malicious prosecution which were intentionally and purposefully brought by defendants PO Duenas with knowledge that the complaint and charges were based on a fabricated Police Report to falsely implicate Plaintiff constituted an abuse of process.

148.     Defendant PO Duenas' additional bad acts of harassing Plaintiff and intimidating Plaintiff's defense witness continued this abuse of process as defendant PO Duenas used his official powers of law enforcement as an officer of the Borough of Bogota to harass, retaliate against, and intimidate Plaintiff through the criminal justice process.

149.     Such actions were reckless, unreasonable, and unauthorized as Defendants had a duty to not subject Plaintiff to an abuse of process, in violation of clearly established law and in violation of Plaintiff's rights.

150.     As a consequence of defendants' wrongful actions, negligent behavior and violation of Plaintiff's constitutional rights, Plaintiff was falsely accused of crimes which he did not commit, incarceration, and extended period of prosecution, fear of the threat of a conviction, and fear of suffering further violations at the hand of defendant PO Duenas.

151.     As a result of such abuse of process, Plaintiff's constitutional rights were violated under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## TWELFTH COUNT

### (MALICIOUS ABUSE OF PROCESS UNDER STATE LAW)

AGAINST DEFENDANT P.O. LEWIS DUENAS

152.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

153.    The accusations and charges against Plaintiff were false.

154.    The false arrest, wrongful imprisonment, subsequent charge brought against Plaintiff, and malicious prosecution which were intentionally and purposefully brought by defendants PO Duenas, with knowledge that the complaint and charges were based on a fabricated Police Report to falsely implicate Plaintiff, constituted an abuse of process.

155.    Defendant PO Duenas' additional bad acts of harassing Plaintiff and intimidating Plaintiff's defense witness continued this malicious abuse of process as defendant PO Duenas used his official powers of law enforcement as an officer of the Borough of Bogota to harass, retaliate against, and intimidate Plaintiff and Plaintiff's witnesses through the criminal justice process.

156.    Such actions were reckless, unreasonable, and unauthorized as Defendants had a duty to not subject Plaintiff to a malicious abuse of process, in violation of clearly established law and in violation of Plaintiff's rights.

157.    As a consequence of Defendants' wrongful actions, negligent behavior and violation of Plaintiff's constitutional rights, Plaintiff was falsely accused of crimes which he did not commit, incarcerated, and suffered an extended period of prosecution, fear of the threat of a

conviction, and fear of suffering further violations at the hand of defendant PO Duenas.

158.    As a result of such malicious abuse of process, Plaintiff's constitutional rights were violated under New Jersey State law.

<u>**THIRTEENTH COUNT**</u>

**(MALICIOUS PROSECUTION UNDER FEDERAL LAW)**

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

159.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

160.    On or about September 15, 2020, defendant PO Duenas signed and filed a Police Report charging Plaintiff with crimes that he did not commit.

161.    Defendant Supervisor Doe Officer # 1 knowingly assisted Defendant PO Duenas in creating the Police Report with false information which led to the false criminal charge and arrest of Plaintiff.

162.    Sgt. Cole, who witnessed the entire incident which is the subject of this lawsuit, permitted the arrest of Plaintiff to go forward, despite knowledge that there was no probable cause at the time of Plaintiff's arrest, and On September 15, 2020, signed the false Police Report as a supervising officer despite his knowledge that the facts alleged therein were false.

163.    The prosecution of Plaintiff was initiated and continued by the individual defendants with malice and without any legal basis.

164.    At the time the prosecution was commenced, Defendants had knowledge that Plaintiff was innocent of the charges alleged against him.

165.    As a result of the false and unlawful charge, Plaintiff was required to make multiple appearances in Court.

166.    The individual defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against him.

167.    149.    The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crimes and that probable cause did not exist for the arrest and initiation of the prosecution.

168.    The criminal prosecution was continued, though Defendants and the County Prosecutor knew that they had no probable cause for the original arrest or initiation of the criminal prosecution.

169.    By participating in the arrest and prosecution which they knew lacked probable cause, the individual Defendants acted with malice against Plaintiff.

170.    Defendants prosecuted Plaintiff with malice independent of their lack of probable cause, and with actual malice, bad faith, and/or willful disregard to the harm that it would cause Plaintiff.

171.    Plaintiff suffered substantial damage from the malicious prosecution as set forth herein.

172.    The prosecution of Plaintiff was terminated favorably to him, and all criminal charges were dismissed when Plaintiff was found not guilty at the conclusion of a bench trial.

173.   The above-stated malicious prosecution caused a significant post-arraignment liberty restraint on plaintiff.

174.   Accordingly, the individual defendants are liable to Plaintiff for malicious prosecution and in violation of Plaintiff's rights as secured under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983

### FOURTEENTH COUNT

#### (MALICIOUS PROSECUTION UNDER STATE LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS; SERGEANT GEOFFREY COLE; AND SUPERVISOR P.O. JOHN/JANE DOE # 1

175.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

176.   On or about September 15, 2020, defendant PO Duenas signed and filed a Police Report charging Plaintiff with crimes that he did not commit.

177.   Defendants Supervisor Doe Officer # 1 knowingly assisted Defendant PO Duenas in creating the Police Report with false information which led to the false criminal charge and arrest of Plaintiff.

178.   Sgt. Cole, who witnessed the entire incident which is the subject of this lawsuit, permitted the arrest of Plaintiff to go forward, despite knowledge that there was no probable cause at the time of Plaintiff's arrest, and On September 15, 2020, signed the false Police Report as a supervising officer despite his knowledge that the facts alleged therein were false.

179.    The prosecution of Plaintiff was initiated and continued by the individual defendants with malice and without any legal basis.

180.    At the time the prosecution was commenced, Defendants had knowledge that Plaintiff was innocent of the charges alleged against him.

181.    As a result of the false and unlawful charge, Plaintiff was required to make multiple appearances in Court.

182.    The individual defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against him.

183.    The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crimes and that probable cause for the arrest and initiation of the prosecution did not exist.

184.    The criminal prosecution was continued after Defendants and the County Prosecutor knew that they had no probable cause for the original arrest or initiation of the criminal prosecution.

185.    By participating in the arrest and prosecution which they knew lacked probable cause, the individual Defendants acted with malice against Plaintiff.

186.    Defendants prosecuted Plaintiff with malice independent of their lack of probable cause, and with actual malice, bad faith, and/or willful disregard to the harm that it would cause Plaintiff.

187.    Plaintiff suffered substantial damage from the malicious prosecution as set forth herein.

188.    The prosecution of Plaintiff was terminated favorably to him, and all criminal charges were dismissed when Plaintiff was found not guilty at the conclusion of a bench trial.

189.    The above-stated malicious prosecution caused a significant post-arraignment liberty restraint on plaintiff.

190.    Accordingly, the individual defendants are liable to Plaintiff for malicious prosecution under New Jersey State law.

### FIFTEENTH COUNT

### (DENIAL OF FAIR TRIAL UNDER FEDERAL LAW)

AGAINST DEFENDANTS P.O. LEWIS DUENAS and SERGEANT GEOFFREY COLE

191.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if the same were more fully set forth herein at length.

192.    Defendant PO Duenas is liable to Plaintiff because he intentionally provided false information/documents and/or testimony, depriving Plaintiff of liberty without due process of law.

193.    Furthermore, defendants PO Duenas and Sgt. Cole violated the law by making false statements, by drafting and signing sworn statements and false police reports.

194.    Furthermore, defendant PO Duenas violated the law by manipulating evidence to obtain a prosecution, while performing the function of an investigator.

195.    In addition, defendant PO Duenas violated Plaintiff's fair trial rights by harassing Plaintiff and Plaintiff's witness, intimidating the witness and causing her not to testify out of fear of further retribution from defendant PO Duenas.

196.    The  individual  defendants  were  on  notice  that  creating fabricated  evidence  is  a  clear  violation  of  law  because  it  is  well established  that  individuals  who  knowingly  use  false  evidence  at  trial to  obtain  a  conviction  act  unconstitutionally  and  is  redressable  in  an action  for  damages  under  42  U.S.C.  §  1983.

197.    Defendant  PO  Duenas  intentionally  created  false  information likely  to  influence  a  fact  finder's  decision,  by  drafting  and  signing sworn  law  enforcement  documents  and  police  reports,  fabricating testimony  and  evidence,  suppressing  material  evidence  by  harassing Plaintiff's  main  defense  witness  keeping  said  witness  from  testifying, and  forwarding  and  presenting  false  information  to  a  court  thereby violating  Plaintiff's  constitutional  right  to  a  fair  trial,  and  the  harm occasioned  by  such  an  unconscionable  action  is  redressable  in  an  action for  damages  under  42  U.S.C.  §  1983.

## SIXTEENTH COUNT

### (MONELL CLAIM)

AGAINST  DEFENDANT  BOROUGH  OF  BOGOTA

198.    Plaintiff  repeats  and  realleges  all  the  foregoing  paragraphs as  if  the  same  were  fully  set  forth  at  length  herein.

199.    Prior  to  September  11,  2020,  and  since,  Defendants  have permitted  and  tolerated  a  pattern  and  practice  of  unjustified, unreasonable,  and  illegal  false  arrests,  false  imprisonments,  excessive uses  of  force,  malicious  prosecutions,  abuses  of  process,  and  procedural and  substantive  due  process  violations  by  and  through  prosecutors  and officers  of  Defendant.  Although  such  actions  were  improper  and  illegal, the  Defendants'  employees  involved  were  not  seriously  prosecuted,

disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that these actions were justified and proper. As a result, Defendants' employees were caused and encouraged to believe that individuals' rights could be violated, and that such violations would in fact be permitted by Defendants.

200.    Defendants' employees, such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand, or face any risk of punishment for their conduct.

201.    Defendants' employees, such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

202.    As a direct and proximate result of the aforesaid acts, omissions, policies, practices and customs of the Defendants, Plaintiff's rights were violated, in a situation where, if there had been proper training, supervision, and corrective action, this would have prevented Plaintiff's rights from being violated.

203.    It was the custom, policy, and practice of Defendants to make an arrest despite no facts of criminality and without probable cause and/or other legal justification.

204.    It was the custom, policy, and practice of Defendants to authorize and permit certain police officers and prosecutors, including

the individual defendants, to cause unlawful detentions and continue to prosecute offenses after probable cause is vitiated, which was responsible for the violation of Plaintiff's civil rights.

205.    It was the custom, policy, and practice of Defendants to fail to terminate the prosecutions of individuals innocent of crimes after receiving exculpatory evidence.

206.    It was the custom, policy, and practice of Defendants to encourage and cause constitutional violations by the police officers and prosecutors employed by Defendants, including the violations of Plaintiff's constitutional rights by the individual Defendants.

207.    By the defendants maintaining a de facto policy of falsely arresting an individual in Plaintiff's position, despite no facts of criminality and without proper investigation and/or testing, probable cause and/or other legal justification, Plaintiff was caused to have his civil rights violated and harmed through the actions of the individual defendants.

208.    By maintaining a de facto policy of automatic indemnification, defendants caused the injuries to Plaintiff through the actions and inactions of the individual defendants.

209.    Defendants' failure to take action against the individual defendants in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

210.    As authorized representatives of Defendants, the defendant police officers' and prosecutors conduct of illegal arrests, searches, seizure, and malicious prosecution of individuals such as Plaintiff

constituted a custom, policy, and practice which renders Defendants liable to Plaintiff as a "Person" acting under the color of state law.

211.    These customs, policies, and practices enforced by Defendants were the moving force, proximate cause, and/or affirmative link behind the conduct causing Plaintiff's injuries.

212.    Defendants are therefore liable for violations of Plaintiff's constitutional rights as caused by its/their employees, as described in more detail in the paragraphs herein, and Plaintiff has suffered damages therefrom.

213.    As a proximate result of Defendants' customs, policies, and practices for creating an environment that tolerates, encourages, and condones such constitutional violations, Plaintiff was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages.


**WHEREFORE**, Plaintiff demands judgment against Defendants individually, jointly or severally as follows:

   a. Judgment pursuant to the authority of 42. U.S.C. § 1983 (Federal Civil Rights Act), N.J.S.A. 10:6-1 and -2 (New Jersey State Civil Rights Act), awarding compensatory and punitive damages, as well as attorney's costs;

   b. An injunction against Defendants from engaging in each of the unlawful practices and policies set forth herein; and

   c. Judgment awarding any other further relief is the Court deems fair, just and equitable.

Dated: []                    _____
                                    O. Williams Igbokwe, Esq.


### DEMAND FOR JURY TRIAL:

   Plaintiff hereby demands a trial by jury on all contested issues of material fact.

### DESIGNATION OF TRIAL COUNSEL

Ejikeme Uzor, Esq., is hereby designated as trial counsel for the Plaintiff in the above-captioned matter.


Dated: August 5, 2022        _/s/Ejikeme Uzor_____
                                    Ejikeme Uzor, Esq.